IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 1 0 1999

CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 99-1417 JC |
| | ) | 42 U.S.C. § 2276: Tampering, |
| vs. | ) | Altering, Concealing  and Removing |
| | ) | Restricted Data; 42 U.S.C. § 2275: |
| WEN HO LEE, | ) | Receipt of Restricted Data; 18 U.S.C. |
| | ) | § 793(c): Unlawful Gathering of National |
| Defendant. | ) | Defense Information; 18 U.S.C. § |
| | ) | 793(e):  Unlawful Retention of National |
| | ) | Defense Information. |
| | ) | |

## I N D I C T M E N T

The Grand Jury charges:

GENERAL ALLEGATIONS:

I.     INTRODUCTION

1.  Los  Alamos National Laboratory (LANL) is a facility managed and funded by the United States Department of Energy and operated by the University of California. LANL is responsible for the research, design, development, and safe stewardship for approximately 85% of the U.S. nuclear arsenal.  LANL is located within the State and District of New Mexico.

2.  The X Division at LANL has responsibility for the research, design and development of thermonuclear weapons in the U.S. nuclear arsenal.  The X Division shares the highest level of security of any division at LANL.

3.   The defendant WEN HO LEE resides in New Mexico.  Between 1980 and December 23, 1998, WEN HO LEE was assigned to the X Division at LANL as a hydrodynamicist/engineer.  While employed at LANL in the X Division, defendant WEN HO LEE held a Q clearance, which allowed WEN HO LEE access to Top Secret information and Restricted Data information.  On December 23, 1998, the defendant WEN HO LEE, was transferred from the X Division to an unclassified area within another division at LANL.  Defendant WEN HO LEE's employment at LANL was terminated on March 8, 1999.

II.      RESTRICTED DATA

4.   The term "Restricted Data" means all data concerning: (1) the design, manufacture or utilization of atomic weapons; (2) the production of special nuclear material; or (3) the use of special nuclear material in the production of energy.
42 U.S.C. § 2014(y).

5.   Secret Restricted Data (SRD) denotes information that is classified "secret" within the category of Restricted Data.  SRD is applied to information the unauthorized disclosure of which reasonably could be expected to cause serious damage to national security.  SRD information is the most closely guarded level and category of information that is routinely used within the X Division at LANL.

6.   Confidential Restricted Data (CRD) denotes information that is classified "confidential" within the category of Restricted Data.  CRD is applied to information the unauthorized disclosure of which reasonably could be expected to cause damage to national security.

2

III.    LEE'S REPRESENTATIONS REGARDING CLASSIFIED INFORMATION  NON-DISCLOSURE

7. On June 28, 1987, the defendant WEN HO LEE signed a statement

representing to the United States that:

    a.    Intending to be legally bound, I (defendant WEN HO LEE) hereby accept the obligations contained in this Agreement in consideration of my being granted access to classified information.  As used in this Agreement, classified information is information that is classified under the standards of Executive Order 12356, or under any other Executive Order or statute that prohibits the unauthorized disclosure of information in the interest of national security.  I (defendant WEN HO LEE) understand and accept that by being granted access to classified information, special confidence and trust shall be placed in me by the United States Government.

    b.    I (defendant WEN HO LEE) hereby acknowledge that I (defendant WEN HO LEE) have received a security indoctrination concerning the nature and protection of classified information, including the procedures to be followed in ascertaining whether other persons to whom I (defendant WEN HO LEE) contemplate disclosing this information have been approved for access to it, and that I (defendant WEN HO LEE) understand these procedures.

    c.    I (defendant WEN HO LEE) have been advised and am aware that direct or indirect unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause irreparable injury to the United States or could be used to advantage by a foreign nation.  I (defendant WEN HO LEE) hereby agree that I (defendant WEN HO LEE) will never divulge such information unless I (defendant WEN HO LEE) have officially verified that the recipient has been properly authorized by the United States Government to receive it or I (defendant WEN HO LEE) have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of the information that such disclosure is permitted.  I (defendant WEN HO LEE) further understand that I (defendant WEN HO LEE) am obligated to

3

comply with laws and regulations that prohibit the unauthorized disclosure of classified information.

d.  I (defendant WEN HO LEE) have been advised and am aware that any breach of this Agreement may result in the termination of any security clearances I (defendant WEN HO LEE) hold and removal from any position of special confidence and trust requiring such clearances. In addition, I (defendant WEN HO LEE) have been advised and am aware that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provision of Sections 641, 793, 794, and 798, Title 18, United States Code, and the provisions of the Intelligence Identities Protection Act of 1982. I (defendant WEN HO LEE) recognize that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

e.  I (defendant WEN HO LEE) understand that all classified information to which I (defendant WEN HO LEE) may obtain access by signing this Agreement is now and will forever remain the property of the United States Government. I (defendant WEN HO LEE) do not now, nor will I (defendant WEN HO LEE) ever, possess any right, interest, title, or claim whatsoever to such information. I (defendant WEN HO LEE) agree that I (defendant WEN HO LEE) shall return all materials which have, or may have, come into my possession or for which I (defendant WEN HO LEE) am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship that requires access to classified information. If I (defendant WEN HO LEE) do not return such materials upon request, I (defendant WEN HO LEE) understand that this may be a violation of Section 793, Title 18, United States Code, a United States criminal law.

f.  Unless and until I (defendant WEN HO LEE) am released in writing by an authorized representative of the United States Government, I (defendant WEN HO LEE) understand that all conditions and obligations imposed upon me by this Agreement apply during the time I (defendant WEN HO LEE) am granted access to classified information, and at all times thereafter.

8.   On April 19, 1995, defendant WEN HO LEE signed a statement representing to the United States that he understood that:

a.   No classified information or computing was allowed on the X Division open LAN (local area network), i.e., the unclassified, open partition.

b.   As a LANL computer user, he had responsibility for ensuring that information, especially sensitive information, was properly protected.

IV.   THE LANL COMPUTING SYSTEM

9.   At all times material to this indictment, the LANL computing environment utilized, in part, "Cray" large mainframe computers and "Sun" workstations to perform most of the computational work to design and simulate nuclear weapons.

10.   At all times material to this indictment, the computing environment and architecture at LANL consisted of four security partitions, with each partition having an assigned associated color.  The four partitions were the Open (green), the Administrative (blue), the National Security (yellow), and the Secure (red).  The use of the words "green" and "red" corresponded to the Open and Secure partitions.  The Open partition was utilized only for unclassified computing, and users were not required to have a security clearance.  The Secure partition allowed both classified and unclassified computing, but only by personnel with Q clearances.  Multiple computers serviced each security partition.

11.   The Common File System (CFS), as it existed at all times prior to 1995, was a single archival data storage system which spanned the partitions.  From 1995 to the present, CFS existed with an Open (green) system and a Secure (red) system on

5

separate networks. At all times material to this indictment, CFS functioned as a hierarchical system, allowing lower classification level work to be performed in higher security partitions while preventing files with higher classification levels from being accessed or utilized on the Open partition.

12. At all times material to this indictment, all CFS files and directories were given a partition designation, i.e., either red, blue, yellow, or green. The security partitions relevant to this indictment were red and green. Red files could exist only in red directories, but green files could exist in both red and green directories. Every file stored in CFS was assigned a security classification level.

13. Green files could be accessed from the red partition, or even up-partitioned to red files, to compute using unclassified data on classified machines. After the computing utilizing the unclassified data in the red partition was completed, the unclassified results of the computation could legitimately be transferred to the open network, down-partitioning the unclassified files to green if necessary.

14. The action of down-partitioning a file could only be executed from a red partition machine. It was the responsibility of the Q-cleared user to verify that a file contained only unclassified material before down-partitioning the file. Files could be down-partitioned only after a Q-cleared user designated and marked the file as unclassified. Down-partitioning files and subsequently moving them into a lower partition were legitimate actions, but only if the files did not contain classified material.

V.    NUCLEAR WEAPONS TERMINOLOGY

15. The following glossary defines terms used in the X Division at LANL at all times material to this indictment:

6

a. A "Source Code" is the human readable set of instructions that can be given to a computer to perform a calculation simulating a physical event. LANL source codes are usually written in a "high level language" and are then translated into instructions to be acted on directly by the computer. The physics packages within a source code address matters such as detonation, high-explosive burn, hydrodynamics, radiation transport, neutron transport, thermonuclear burn, and weapon aging and degradation. Thermonuclear weapon design source codes model and simulate events which closely resemble test data from past nuclear weapons tests.

b. An "Input Deck/Input File" is a set of instructions read by a computer to set up a nuclear weapon to be simulated. An input deck/input file typically contains exact dimensions and other geometrical information about a particular nuclear weapon at initial time (before detonation). It also typically includes information about the materials and the initial conditions of those materials for a particular nuclear weapon.

c. "Contour" is the information that describes the size and shape of the components of a nuclear weapon.

d. "Data Files" contain information relating to the physical and radioactive properties of materials at different temperatures and densities. Data files include equation of state, neutron cross section, and opacity information.

e. "Equation of State" (EOS) is a set of data that describes how materials will react in given temperature and density environments. EOS tables correlate the pressure and energy of a material as a function of temperature and density.

f. "Neutron Cross Section" is a set of data that describes how likely a material in a given environment is to interact with a neutron. For example, neutrons can

7

be absorbed, can trigger a fission event, and can deposit energy.  Neutron cross section tables correlate information of how likely a material is to interact with a neutron as a function of neutron energy.

g.  "Opacity" is information that describes how likely a material in a given environment is to interact with radiation.  Opacity tables correlate information of how likely a material will absorb radiation as a function of temperature and density.

h.  A "Primary" is the first stage of a nuclear weapon.  The Primary uses chemical high explosives and nuclear materials to start a nuclear reaction that produces sufficient energy to drive the Secondary stage.

i.  A "Secondary" is the second stage of a nuclear weapon.  The Secondary uses the energy produced by the Primary to trigger a thermonuclear burn (nuclear fusion reaction).  It is this thermonuclear burn that drives the ultimate destructive force of the nuclear weapon.

## VI.   DESCRIPTION OF SRD FILES THAT DEFENDANT WEN HO LEE MOVED FROM THE SECURE PARTITION TO THE OPEN PARTITION

16.   Between a date certain in 1993 and a date certain in 1994, the defendant WEN HO LEE collected SRD and CRD material contained in classified files that existed on the Secure network, assembled the SRD and CRD material into TAR files (a "TAR File" is an archive file and constitutes a "container file" in which groups of other files are collected at the direction of the file creator), and then transferred the SRD and CRD TAR files to one of defendant WEN HO LEE's Open green directories on the CFS within the green partition.  Alternatively, defendant WEN HO LEE transferred some files

from red to green partitions, and then assembled the TAR file in the open network on a green machine, and later saved it to the green CFS.

17.   The specific transfer of classified files from the Secure red partition to the Open green partition was usually accomplished by defendant WEN HO LEE as follows:

a.   Defendant WEN HO LEE collected and saved SRD and CRD TAR files in his red directories within the red partition;

b.   Defendant WEN HO LEE designated and marked the SRD and CRD TAR files which he had previously saved in his red directory as unclassified;

c.   Defendant WEN HO LEE down-partitioned SRD and CRD files;

d.   Defendant WEN HO LEE saved the SRD and CRD TAR files on his Open green CFS directories and then usually deleted the SRD and CRD TAR files (interim versions marked as unclassified) that he had previously saved on his red directory.

e.   In some cases, defendant WEN HO LEE assembled some of the TAR files on an open machine after he had transferred classified material from the red to the green partition; defendant WEN HO LEE then saved the TAR file to one of his green partition CFS directories.

18.   The specific TAR files created by defendant WEN HO LEE and transferred from the Secure red partition to the Open green partition, or assembled in the Open green partition after transfer from the Secure red partition, are identified as follows:

9

File 1                 Level: Secret           Category: Restricted Data

This TAR file represents SRD material and contains the most current source code at that time for a Cray version of a Secondary nuclear design code (designated in this indictment as source Code A). This TAR file also contains the library routines used by Code A to access opacity data files (designated in the indictment as DATA 8). The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U. S. national security.

File 2                 Level: Secret           Category: Restricted Data

This TAR file represents SRD material and contains the source code for a Sun workstation version of Code A from 1994. It also contains input decks to set up SRD test problems. The Sun version of Code A is different from the Cray version of the code in that it does not contain all the physics models of the Cray version. However, the Sun version is usable "as is" on Sun workstations. The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 3                 Level: Secret           Category: Restricted Data

This TAR file represents SRD material and contains eight Secondary and Primary input decks for Code A. The input decks contained in this TAR file are varied and have specific weapon details. The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 4                 Level: Secret           Category: Restricted Data

This TAR file represents SRD material and contains a complete Secondary nuclear design source code which was a predecessor to Code A (referred to in this indictment as source Code D); the complete unclassified source code for a bomb analysis tool used to compare bomb test results with predicted calculated results (referred to in this indictment as source Code C); SRD EOS parameter files; 23 input decks for Primary nuclear devices; and a complete Primary nuclear device source code (referred to in this indictment as source Code F). The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 5                 Level: Secret           Category: Restricted Data

This TAR file represents SRD material and contains classified and unclassified EOS and opacity data files used in nuclear weapon design codes. The data are in American Standard Code for Information Interchange (ASCII) format, which means they can be easily translated to any computer system.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

10

File 6              Level: Secret              Category: Restricted Data

    This TAR file represents SRD material and contains one Primary input deck, one Secondary test problem, and one Secondary design test problem designed to run on a source code which was developed to test high energy radiation transport (referred to in this indictment as source Code G), dating from 1994.   The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 7              Level: Secret              Category: Restricted Data

    This TAR file represents SRD material and contains classified EOS and opacity data files.  This TAR file also contains the neutron cross section data files.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 8              Level: Confidential              Category: Restricted Data

    This TAR file represents CRD material and contains the Cray source code (referred to in this indictment as source Code H) for a computer code dating from 1993 that can be used to perform Primary implosion studies.  The unauthorized disclosure of this TAR file reasonably could be expected to result in damage to U.S. national security.

File 9              Level: Secret              Category: Restricted Data

    This TAR file represents SRD material and contains four input decks for a class of Primary devices for Code H, an input deck for Code C, and an input deck for a Primary yield source code (referred to as source Code K).  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 10              Level: Secret              Category: Restricted Data

    This TAR file represents SRD material and contains 20 files, 19 of which are themselves TAR files and one file which is described above in File 1.  The 19 TAR files contain various versions of some of the Code A library codes: the input library, the memory management libraries, the graphics library, and the libraries of source codes B and E.  The library files date from 1992 to 1994.  These libraries supply essential functions required by Code A for it to perform.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 11              Level: Confidential              Category: Restricted Data

    This TAR file represents CRD material and contains the Cray source code for Code H, dating from 1993.  Code H is a code that can be used for Primary implosion

studies.  The unauthorized disclosure of this TAR file could result in damage to U.S. national security.

File 12          Level: Confidential          Category: Restricted Data

This TAR file contains twenty-five sub-files.  Twenty-two sub-files are unclassified.  The remaining three files represent CRD material and contain graphics images from simulations of a Primary nuclear device.  The unauthorized disclosure of this TAR file reasonably could be expected to result in damage to U.S. national security.

File 13          Level: Secret          Category: Restricted Data

This TAR file represents SRD material and contains the Fortran code for source code G.  This TAR file also contains the Fortran source code for a library of unclassified routines to access and manipulate equation of state and opacity physics data.  In addition to the Fortran code for G, this archive contains an index that describes the variables and other data and control structures of the code.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 14          Level: Secret          Category: Restricted Data

This TAR file represents SRD material and contains the Fortran source code for source code G and associated libraries used to compile an executable version of the code.  It also contains source codes for unclassified utility programs and for a program to link source code G and source code A calculations.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 15          Level: Confidential          Category: Restricted Data

This TAR file contains fifty-five sub-files.  Forty-two sub-files are unclassified explosively-formed penetrator contours, test problems and simulations.  Thirteen sub-files represent CRD material and contain the contours and input file yield calculations for a class of Primary nuclear devices.  The unauthorized disclosure of this TAR file reasonably could be expected to result in damage to U.S. national security.

File 16          Level: Secret          Category: Restricted Data

This TAR file represents SRD material and contains the entire source code which is used to calculate the nuclear yield of a Primary device (referred to as Code K).  Code K contains normalization factors to actual experimentally tested weapons systems.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 17          Level: Secret          Category: Restricted Data

This TAR file contains twelve sub-files.  Ten sub-files contain unclassified information.  One sub-file represents CRD material and contains an input deck for a class of Primary nuclear devices.  One sub-file represents SRD material and contains descriptions of a class of Primary nuclear devices.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 18          Level: Secret          Category: Restricted Data

This TAR file represents SRD material and contains eighty-two sub-files.  Within the sub-files is the complete source code for a Primary weapon design code (referred to as Code I) and for required library routines to compile and run Code I.  The TAR file also contains Primary nuclear device input decks for Code I and for Code B.  This TAR file also contains link files that assimilate designs produced by Code I and Code B.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U.S. national security.

File 19          Level: Secret          Category: Restricted Data

This is a TAR file containing fourteen sub-files.  Within the sub-files are two Secret Restricted Data files.  Specifically one sub-file contains an SRD EOS data file; the other sub-file contains an SRD opacity data file.  The unauthorized disclosure of this TAR file reasonably could be expected to result in serious damage to U. S. national security.

VII.   DEFENDANT WEN HO LEE'S DELETIONS OF SRD AND CRD TAR FILES ON THE OPEN SYSTEM

19.   Between January 20, 1999 and February 10, 1999, the defendant WEN HO

LEE deleted over 360 files that he had maintained in his green partition directories on

the Open CFS.  Within the deleted files were the 19 previously designated SRD and

CRD TAR files that the defendant WEN HO LEE had moved from the Secure red

partition to the Open green partition, or assembled on the Open green partition after

13

transfer from the Secure red partition, between a date certain in 1993 and a date certain in 1994.

VIII.   DEFENDANT WEN HO LEE'S DOWNLOADING OF SRD MATERIAL On to 150 MEGABYTE CASSETTE CARTRIDGES

20.   At times certain between a date certain in 1993 and a date certain in 1994, the defendant WEN HO LEE downloaded SRD and CRD information on to portable 150 megabyte 6150 tape cartridges.  Specifically, defendant WEN HO LEE downloaded what has previously been identified as TAR File 19 on to a 6150 tape (hereinafter referred to as **Tape B**); defendant WEN HO LEE downloaded TAR Files 4 and 18 on to a 6150 tape (hereinafter referred to as **Tape C**); defendant WEN HO LEE downloaded TAR Files 8, 9, 16, and 17 on to a 6150 tape (hereinafter referred to as **Tape D**); defendant WEN HO LEE downloaded TAR Files 12 and 15 on to a 6150 tape (hereinafter referred to as **Tape G**); defendant WEN HO LEE downloaded TAR Files 9, 11, and 15 on to a 6150 tape (hereinafter referred to as **Tape F**); defendant WEN HO LEE downloaded TAR Files 2, 3 and 7 on to a 6150 tape (hereinafter referred to as **Tape H**); defendant WEN HO LEE downloaded TAR File 5 on to a 6150 tape (hereinafter referred to as **Tape K**); defendant WEN HO LEE downloaded TAR File 14 on to a 6150 tape (hereinafter referred to as **Tape L**); defendant WEN HO LEE downloaded TAR Files 6 and 13 on to a 6150 tape (hereinafter referred to as **Tape M**).

21.   On a date certain in 1997, defendant WEN HO LEE downloaded SRD information that had not previously been transferred from the Secure to the Open system and placed the SRD information on to a 6150 tape (hereinafter referred to as **Tape N**).  The information contained on Tape N is identified as follows:

Tape N          Level: Secret          Category: Restricted Data

This tape contains several SRD source codes and input decks.  The first TAR file contains the complete source code for the current version of the most up-to-date Primary weapon design code (hereinafter referred to as Code B.)  The second TAR file contains the complete source code for the auxiliary libraries used by Code B.  The third file is a binary file which contains an EOS table, which was developed in 1997, for a special material used in a specific Primary design.  The fourth file is an input file used by Code B to produce output for comparison with experimental implosion data.  The fifth file is an input file for Code B to set up and simulate a specific modern Primary device.  The sixth file is an input file for a utility code which allows the user to compare the calculated results with the experimental data (hereinafter referred to as Code C).  This input file contains both experimental data and Code B simulation results for a specific modern Primary device.

22.    Tapes B, C, D, F, G, H, K, L, M and N all contain Restricted Data at either the Secret or Confidential level, and their unauthorized disclosure could reasonably be expected to result in either serious damage or damage to U.S. national security.  Defendant WEN HO LEE at some time removed and possessed Tapes B, C, D, F, G, H, K, L, and M outside the secure environment within LANL.  As of the date of this indictment, Tapes D, F, H, K, L, M, and N are unaccounted for.

## COUNT 1

23.    The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

24.    On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 1 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with

15

research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 2

25.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

26.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with,  altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 2 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with the research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 3

27.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

28.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 3 as

16

previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

COUNT 4

29.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

30.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 4 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

COUNT 5

31.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

32.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with,  altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 5 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with the research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

COUNT 6

33.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

34.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 6 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 7

35.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

36.   On a date certain in 1994,  in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 7 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 8

37.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

38.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 8 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with

research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 9

39.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

40.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 9 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 10

41.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

42.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 10 as

20

previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 11

43.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

44.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 11 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 12

45.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

46.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent

21

to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 12 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 13

47.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

48.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with,  altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 13 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 14

49.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

50.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 14 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with the research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 15

51.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

52.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 15 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 16

53.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

54.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 16 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 17

55.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

56.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, tampered with, altered, and concealed a document, writing, plan, and model, to wit:  the information contained in File 17 as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with

research and development relating to atomic energy conducted by the United States
and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 18

57.   The grand jury realleges and incorporates Paragraphs 1-22 of the General
Allegations.

58.   On a date certain in 1993, in the State and District of New Mexico, the
defendant WEN HO LEE, with the intent to injure the United States, and with the intent
to secure an advantage to a foreign nation, tampered with, altered, and concealed a
document, writing, plan, and model, to wit:  the information contained in File 18 as
previously described in this indictment, involving and incorporating Restricted Data,
which was used by scientists at Los Alamos National Laboratory in connection with
research and development relating to atomic energy conducted by the United States
and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 19

59.   The grand jury realleges and incorporates Paragraphs 1-22 of the General
Allegations.

60.   On a date certain in 1993, in the State and District of New Mexico, the
defendant WEN HO LEE, with the intent to injure the United States, and with the intent
to secure an advantage to a foreign nation, tampered with, altered, and concealed a
document, writing, plan, and model, to wit:  the information contained in File 19 as

25

previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

COUNT 20

61.    The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

62.    On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, removed a document, writing, plan, and model, to wit:  the information contained on Tape B as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

COUNT 21

63.    The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

64.    On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, removed a document, writing, plan, and

model, to wit:  the information contained on Tape C as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 22

65.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

66.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, removed a document, writing, plan, and model, to wit:  the information contained on Tape D as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 23

67.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

68.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, removed a document, writing, plan, and

27

model, to wit:  the information contained on Tape G as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 24

69.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

70.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, removed a document, writing, plan, and model, to wit:  the information contained on Tape F as previously described in this indictment, involving and incorporating Restricted Data, which was used by scientists at Los Alamos National Laboratory in connection with research and development relating to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 25

71.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

72.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, removed a document, writing, plan, and

28

model, to wit:  the information contained on Tape H as previously described in this

indictment, involving and incorporating Restricted Data, which was used by scientists at

Los Alamos National Laboratory in connection with research and development relating

to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 26

73.   The grand jury realleges and incorporates Paragraphs 1-22 of the General

Allegations.

74.   On a date certain in 1994, in the State and District of New Mexico, the

defendant WEN HO LEE, with the intent to injure the United States, and with the intent

to secure an advantage to a foreign nation, removed a document, writing, plan, and

model, to wit:  the information contained on Tape K as previously described in this

indictment, involving and incorporating Restricted Data, which was used by scientists at

Los Alamos National Laboratory in connection with research and development relating

to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 27

75.   The grand jury realleges and incorporates Paragraphs 1-22 of the General

Allegations.

76.   On a date certain in 1994, in the State and District of New Mexico, the

defendant WEN HO LEE, with the intent to injure the United States, and with the intent

to secure an advantage to a foreign nation, removed a document, writing, plan, and

model, to wit:  the information contained on Tape L as previously described in this

indictment, involving and incorporating Restricted Data, which was used by scientists at

Los Alamos National Laboratory in connection with research and development relating

to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 28

77.   The grand jury realleges and incorporates Paragraphs 1-22 of the General

Allegations.

78.   On a date certain in 1994, in the State and District of New Mexico, the

defendant WEN HO LEE, with the intent to injure the United States, and with the intent

to secure an advantage to a foreign nation, removed a document, writing, plan, and

model, to wit:  the information contained on Tape M as previously described in this

indictment, involving and incorporating Restricted Data, which was used by scientists at

Los Alamos National Laboratory in connection with research and development relating

to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

### COUNT 29

79.   The grand jury realleges and incorporates Paragraphs 1-22 of the General

Allegations.

80.   On a date certain in 1997, in the State and District of New Mexico, the

defendant WEN HO LEE, with the intent to injure the United States, and with the intent

to secure an advantage to a foreign nation, removed a document, writing, plan, and

30

model, to wit:  the information contained on Tape N as previously described in this

indictment, involving and incorporating Restricted Data, which was used by scientists at

Los Alamos National Laboratory in connection with research and development relating

to atomic energy conducted by the United States and financed by federal funds.

In violation of 42 U.S.C. § 2276.

## COUNT 30

81.   The grand jury realleges and incorporates Paragraphs 1-22 of the General

Allegations.

82.   On a date certain in 1993, in the State and District of New Mexico, the

defendant WEN HO LEE, with the intent to injure the United States, and with the intent

to secure an advantage to a foreign nation, acquired and attempted to acquire a

document, writing, plan, and information, to wit:  the files contained on Tape B as

previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

## COUNT 31

83.   The grand jury realleges and incorporates Paragraphs 1-22 of the General

Allegations.

84.   On a date certain in 1993, in the State and District of New Mexico, the

defendant WEN HO LEE, with the intent to injure the United States, and with the intent

to secure an advantage to a foreign nation, acquired and attempted to acquire a

document, writing, plan, and information, to wit:  the files contained on Tape C as

previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

31

## COUNT 32

85.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

86.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, and information, to wit:  the files contained on Tape D as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

## COUNT 33

87.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

88.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, and information, to wit: the files contained on Tape G as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

## COUNT 34

89.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

90.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent

32

to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, and information, to wit:  the files contained on Tape F as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

## COUNT 35

91.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

92.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, and information, to wit:  the files contained on Tape H as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. §  2275.

## COUNT 36

93.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

94.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, model, and information, to wit:  the files contained on Tape K as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

33

COUNT 37

95.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

96.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, model, and information, to wit:  the files contained on Tape L as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

COUNT 38

97.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

98.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, and information, to wit:  the files contained on Tape M as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

COUNT 39

99.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

100.   On a date certain in 1997, in the State and District of New Mexico, the defendant WEN HO LEE, with the intent to injure the United States, and with the intent

34

to secure an advantage to a foreign nation, acquired and attempted to acquire a document, writing, plan, and information, to wit: the files contained on Tape N as previously described in this indictment, involving and incorporating Restricted Data.

In violation of 42 U.S.C. § 2275.

### COUNT 40

101.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

102.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit: the Secret Restricted Data contained in what was previously described in this indictment as File 19, all of which was gathered on a portable 6150 tape [Tape B], knowing and having reason to believe at the time he obtained Tape B, that Tape B would be retained and not delivered to an officer and employee of the United States entitled to receive Tape B, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

### COUNT 41

103.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

104.   On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the

national defense, to wit: the Secret Restricted Data contained in what was previously described in this indictment as Files 4 and 18, all of which was gathered on a portable 6150 tape [Tape C], knowing and having reason to believe at the time he obtained Tape C, that Tape C would be retained and not delivered to an officer and employee of the United States entitled to receive Tape C, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

## COUNT 42

105. The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

106. On a date certain in 1993, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit: the Secret Restricted Data contained in what was previously described in this indictment as Files 9, 16 and 17 and the Confidential Restricted Data contained in what was previously described in this indictment as File 8, all of which was gathered on a portable 6150 tape [Tape D], knowing and having reason to believe at the time he obtained Tape D, that Tape D would be retained and not delivered to an officer and employee of the United States entitled to receive Tape D, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

36

## COUNT 43

107.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

108.   On dates certain in 1993 and 1994, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit:  the Confidential Restricted Data contained in what was previously described in this indictment as Files 12 and 15, all of which was gathered on a portable 6150 tape [Tape G], knowing and having reason to believe at the time he obtained Tape G, that Tape G would be retained and not delivered to an officer and employee of the United States entitled to receive Tape G, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

## COUNT 44

109.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

110.   On dates certain in 1993 and 1994, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit:  the Secret Restricted Data contained in what was previously described in this indictment as File 9, and the Confidential Restricted Data contained in what was previously described in this indictment as Files 11 and 15, all of which was gathered on a portable 6150 tape [Tape F], knowing and having reason to

37

believe at the time he obtained Tape F, that Tape F would be retained and not delivered to an officer and employee of the United States entitled to receive Tape F, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

## COUNT 45

111.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

112.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit:  the Secret Restricted Data contained in what was previously described in this indictment as Files 2, 3, and 7, all of which was gathered on a portable 6150 tape [Tape H], knowing and having reason to believe at the time he obtained Tape H, that Tape H would be retained and not delivered to an officer and employee of the United States entitled to receive Tape H, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

## COUNT 46

113.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

114.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the

national defense, to wit:  the Secret Restricted Data contained in what was previously described in this indictment as File 5, all of which was gathered on a portable 6150 tape [Tape K], knowing and having reason to believe at the time he obtained Tape K, that Tape K would be retained and not delivered to an officer and employee of the United States entitled to receive Tape K, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

### COUNT 47

115.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

116.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit:  the Secret Restricted Data contained in what was previously described in this indictment as File 14, all of which was gathered on a portable 6150 tape [Tape L], knowing and having reason to believe at the time he obtained Tape L, that Tape L would be retained and not delivered to an officer and employee of the United States entitled to receive Tape L, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

### COUNT 48

117.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

118.   On a date certain in 1994, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit:  the Secret Restricted Data contained in what was previously described in this indictment as Files 6 and 13, all of which was gathered on a portable 6150 tape [Tape M], knowing and having reason to believe at the time he obtained Tape M, that Tape M would be retained and not delivered to an officer and employee of the United States entitled to receive Tape M, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

## COUNT 49

119.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

120.   On a date certain in 1997, in the State and District of New Mexico, the defendant WEN HO LEE, for the purpose of obtaining information respecting the national defense, unlawfully obtained documents and writings connected with the national defense, to wit:  the Secret Restricted Data which was previously described in paragraph 21 of this indictment, all of which was gathered on a portable 6150 tape [Tape N], knowing and having reason to believe at the time he obtained Tape N, that Tape N would be retained and not delivered to an officer and employee of the United States entitled to receive Tape N, contrary to the provisions of 18 U.S.C. § 793(e).

In violation of 18 U.S.C. § 793(c).

## COUNT 50

121.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

122.   On a date certain in 1993 through on or about March, 1999, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape B, did willfully retain and failed to deliver Tape B to an officer and employee of the United States entitled to receive Tape B.

In violation of 18 U.S.C. § 793(e).

## COUNT 51

123.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

124.   On a date certain in 1993 through on or about March, 1999, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape C, did willfully retain and failed to deliver Tape C to an officer and employee of the United States entitled to receive Tape C.

In violation of 18 U.S.C. § 793(e).

## COUNT 52

125.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

41

126.   On a date certain in 1993 through on or about the date of the indictment, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape D, did willfully retain and failed to deliver Tape D to an officer and employee of the United States entitled to receive Tape D.

In violation of 18 U.S.C. § 793(e).

### COUNT 53

127.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

128.   On dates certain in 1993 and 1994 through on or about March, 1999,  in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape G, did willfully retain and failed to deliver Tape G to an officer and employee of the United States entitled to receive Tape G.

In violation of 18 U.S.C. § 793(e).

### COUNT 54

129.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

130.   On a date certain in 1994 through on or about the date of the indictment, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings

42

relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape F, did willfully retain and failed to deliver Tape F to an officer and employee of the United States entitled to receive Tape F.

In violation of 18 U.S.C. § 793(e).

### COUNT 55

131.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

132.   On a date certain in 1994 through on or about the date of the indictment, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape H, did willfully retain and failed to deliver Tape H to an officer and employee of the United States entitled to receive Tape H.

In violation of 18 U.S.C. § 793(e).

### COUNT 56

133.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

134.   On a date certain in 1994 through on or about the date of the indictment, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered

43

on to Tape K, did willfully retain and failed to deliver Tape K to an officer and employee of the United States entitled to receive Tape K.

In violation of 18 U.S.C. § 793(e).

## COUNT 57

135.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

136.   On a date certain in 1994 through on or about the date of the indictment, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape L, did willfully retain and failed to deliver Tape L to an officer and employee of the United States entitled to receive Tape L.

In violation of 18 U.S.C. § 793(e).

## COUNT 58

137.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

138.   On a date certain in 1994  through on or about the date of the indictment, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape M, did willfully retain and failed to deliver Tape M to an officer and employee of the United States entitled to receive Tape M.

In violation of 18 U.S.C. § 793(e).

44

## COUNT 59

139.   The grand jury realleges and incorporates Paragraphs 1-22 of the General Allegations.

140.   On a date certain in 1997 through on or about the date of the indictment, in the State and District of New Mexico, the defendant WEN HO LEE, having unauthorized possession of, access to, and control over documents and writings relating to the national defense, to wit:  the Restricted Data which had been gathered on to Tape N, did willfully retain and failed to deliver Tape N to an officer and employee of the United States entitled to receive Tape N.

In violation of 18 U.S.C. § 793(e).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

JOHN J. KELLY
United States Attorney
___10___ December 1999

45