# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                      No. CR 99-1417 JC

WEN HO LEE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the Motion of Dr. Wen Ho Lee for a Declaration that Sections 5 and 6 of the Classified Information Procedures Act (CIPA) are Unconstitutional as Applied, filed January 26, 2000 *(Doc. 38)* ("Defendant's Motion"). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. Oral argument would not assist the Court in its disposition of this matter and therefore will not be heard. The Court finds that Defendant's motion is not well taken and will be denied.

**I.    CIPA FRAMEWORK**

The Classified Information Procedures Act (CIPA), 18 U.S.C. app. III §§ 1-16 (1988), provides for pretrial procedures to resolve questions of admissibility of classified information in advance of its use in open court.[1] Under CIPA procedures, the defense must file a notice briefly describing any classified information that it "reasonably expects to disclose or to cause the disclosure of" at trial. 18 U.S.C. app. III § 5(a). Thereafter, the prosecution may request an *in camera* hearing for a determination of the "use, relevance and admissibility" of the proposed defense evidence. *Id.*

---

[1] Classified information is defined as including "information and material" subject to classification or otherwise requiring protection from public disclosure. *See* 18 U.S.C. app. III § 1. Thus, CIPA applies to classified testimony as well as to classified documents. *See United States v. North,* 708 F. Supp. 399, 399-400 (1988).

at § 6(a). If the Court finds the evidence admissible, the government may move for, and the Court may authorize, the substitution of unclassified facts or a summary of the information in the form of an admission by the government.[2] *See id.* at § 6(c)(1). Such a motion may be granted if the Court finds that the statement or summary will provide the defendant with "substantially the same ability to make his defense as would disclosure of the specific classified information." *Id.* If the Court does not authorize the substitution, the government can require that the defendant not disclose classified information. *See id.* at § 6(e). However, under § 6(e)(2), if the government prevents a defendant from disclosing classified information at trial, the court may: (A) dismiss the entire indictment or specific counts, (B) find against the prosecution on any issue to which the excluded information relates, or (C) strike or preclude the testimony of particular government witnesses. *See* 18 U.S.C. app. III § 6(e)(2). Finally, CIPA requires that the government provide the defendant with any evidence it will use to rebut the defendant's revealed classified information evidence. *See id.* at § 6(f).

## II. CONSTITUTIONALITY OF CIPA

Defendant Lee contends that, as applied to him, the notice and hearing requirements of § 5 and § 6 of CIPA are unconstitutional. Specifically, Lee argues that § 5 and § 6 violate (1) his Fifth Amendment privilege against self-incrimination by requiring him to disclose his anticipated trial testimony to the government pretrial; (2) his Fifth Amendment right to remain silent unless and until he decides to testify; (3) his Fifth and Sixth Amendment rights to testify in his own defense; (4) his Fifth Amendment right to due process of law by requiring him to disclose significant aspects of his

---

[2] If the court finds that the evidence is not admissible at trial, CIPA is no longer implicated. *See United States v. Ivy*, 1993 WL 316215 at *2 n.3 (E.D. Pa. Aug. 12, 1993). When determining the use, relevance and admissibility of the proposed evidence, the court may not take into account that the evidence is classified; relevance of classified information in a given case is governed solely by the standards set forth in the Federal Rules of Evidence. *See United States v. Baptista-Rodriguez,* 17 F.3d 1354, 1364 (11th Cir. 1994).

case without imposing a mandatory reciprocal duty on the prosecution and imposing vastly greater discovery burdens on the defense than on the government; and (5) his Sixth Amendment right to cross examine witnesses. Although I find Defendant's claims unjustified, I will nevertheless address them in turn.[3]

### A. Defendant's Privilege Against Self-Incrimination

Defendant Lee's first contention is that the notice and hearing requirements of § 5 and § 6 violate his Fifth Amendment privilege against self-incrimination because they force him to reveal classified aspects of his own trial testimony. Defendant argues that by forcing him to reveal portions of his potential testimony, CIPA unconstitutionally infringes upon his right to remain silent until and unless he decides to testify. Similarly, Defendant argues that if he chooses not to comply with the notice requirements, under the penalty of not being able to offer such testimony at trial, CIPA unconstitutionally denies him the right to testify on his own behalf. In either case, Defendant contends that CIPA forces him to pay a price in the form of a costly pretrial decision in order to preserve his constitutional rights at trial.

In support of his argument, Defendant cites *Brooks v. Tennessee*, 406 U.S. 605 (1972), in which the Supreme Court struck down a Tennessee state statute which required the defendant to testify first, or not at all. In *Brooks*, the Supreme Court held that such a requirement, "cuts down the privilege to remain silent by making its assertion costly." 406 U.S. at 610-611 (*citing Griffin v. California*, 380 U.S. 609, 614, (1965)).

---

[3] Other courts that have considered the constitutionality of CIPA are in accord. *See e.g.*, *United States v. Yunis*, 924 F.2d 1086, 1094 (D.C. Cir. 1991); *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984), *cert. denied*, 479 U.S. 839 (1986); *United States v. Wilson*, 721 F.2d 967, 976 (4th Cir. 1983); *United States v. Poindexter,* 725 F. Supp. 13 (D.D.C. 1989); *United States v. North*, 708 F. Supp. 399; *United States v. Wilson*, 571 F. Supp. 1422 (S.D.N.Y. 1983); *United States v. Joliff*, 548 F. Supp. 229 (D.Md. 1981); and *United States v. Ivy*, 1993 WL 316215 (E.D. Pa. Aug. 12, 1993). Wherefore, Defendant cited no case in which any provision of CIPA has been found unconstitutional.

However, Defendant's reliance on *Brooks* is too far-reaching. "The leap from the requirement of disclosure--similar to the disclosure of an alibi or insanity defense--to a violation of a defendant's right to testify or not to testify is too wide to be justified." *United States v. Poindexter,* 725 F. Supp. 13, 34 (D.D.C. 1989). CIPA does not require that a defendant specify whether or not he will testify or what he will testify about. *See id.* at 34; *United States v. Ivy*, 1993 WL 316215 at *3 (E.D. Pa. Aug. 12, 1993). Instead, CIPA requires "merely a general disclosure as to what classified information the defense expects to use at trial, regardless of the witness or the document through which that information is to be revealed." *Poindexter* at 33. Therefore, Defendant's argument that if he discloses the classified information his right to remain silent has been compromised (or in the alternative that if he refuses to disclose the classified information his right to testify has been compromised) is misplaced. Despite CIPA's requirements, Defendant still has the option of not testifying. Similarly, if the defense does not disclose classified information as required by CIPA, the defendant retains the option of testifying, albeit with the preclusion of any classified information.

In addition, the pretrial disclosure of certain aspects of a criminal defense is hardly a novel concept. *See Poindexter* at 34. Examples of such requirements include FED. R. CRIM. P. 12.1 (alibi defense); FED. R. CRIM. P. 12.2 (insanity defense); FED. R. CRIM. P. 12.3 (public authority defense); and FED. R. CRIM. P. 16 (medical and scientific tests, and tangible objects and certain documents). Such provisions have consistently been held constitutional. *See id.* at 33 (*citing Williams v. Florida*, 399 U.S. 78 (1970); *Taylor v. Illinois*, 484 U.S. 400 (1988)). Defendant attempts to distinguish his case by arguing that unlike the pretrial disclosures mandated by the Federal Rules of Criminal Procedure, CIPA requires that a defendant reveal "the contents of his own mind" by placing an additional burden on a defendant to reveal the "use, admissibility and relevance" of the proposed evidence. Def.'s Reply Mem. at 5, filed Feb. 22, 2000 *(Doc. 38)*. However, CIPA requires

no more revelation of the defendant's thoughts or plans than do the notice of alibi and similar rules of federal criminal procedure. Defendant is free to seek admission of evidence to support a number of different defenses, which he may adopt or abandon later. Unlike *Brooks*, in which the defendant was required to decide whether or not to testify at the outset of his defense, the defendant in this case retains significant control over the presentation of his defense. CIPA merely provides a mechanism for determining the admissibility of classified information so that classified information is not inadvertently disclosed during open proceedings. [4] Defendant still has the choice of presenting the evidence during trial or not, after it has been deemed admissible. "That the defendant faces . . . a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." *Williams v. Florida*, 399 U.S. at 84.

Defendant also argues that the burdens placed upon him by CIPA unconstitutionally violate his Fifth Amendment rights in that they do not advance any interests related to the fairness and accuracy of the criminal trial. *See* Mem. in Supp. of Def.'s Mot. at 12, filed Jan. 26, 2000 *(Doc. 39)*. However, Defendant's argument is unconvincing. CIPA is designed to "assure the fairness and reliability of the criminal trial" while permitting the government to "ascertain the potential damage to national security of proceeding with a given prosecution before trial." *See United States v. Ivy* at *4 (citations omitted). As the Supreme Court has noted, "it is obvious and unarguable that no governmental interest is more compelling than the security of the Nation." *Poindexter,* 725 F. Supp. at 34 (*quoting Haig v. Agee*, 453 U.S. 280, 307 (1981)). CIPA serves that interest "by providing a mechanism for protecting both the unnecessary disclosure of sensitive national security information

---

[4] The Supreme Court has stated, "if . . . utilizing a continuance [to allow government to obtain rebuttal evidence] is permissible under the Fifth and Fourteenth Amendments, then surely the same result may be accomplished through pretrial discovery . . . avoiding the necessity of a disrupted trial." *Williams v. Florida*, 399 U.S. 78, 86 (1970).

and by helping to ensure that those with significant access to such information will not escape the sanctions of the law applicable to others by use of the greymail route."[5] *Id.* at 34. Accordingly, I find that CIPA does not violate Defendant's privilege against self-incrimination by infringing upon either his right to remain silent or his right to testify on his own behalf.

### B. Defendant's Right to Confront and Cross-Examine Witnesses

Defendant Lee next argues that § 5 and § 6 of CIPA violate his Sixth Amendment right to confront and cross-examine government witnesses by forcing him to notify the government pretrial (and explain the significance) of all the classified information he reasonably expects to elicit from prosecution witnesses on cross-examination and all such information that will be contained in defense counsel's questions to those witnesses.[6] *See* Mem. in Supp. of Def.'s Mot. at 12.

Defendant contends that under CIPA, the "prosecution can shape its case-in-chief to blunt the force of the defense cross examination" and that the advance notice under CIPA "will impede effective defense cross-examination." *Id.* at 15. However, the Confrontation Clause does not guarantee the right to undiminished surprise with respect to cross-examination of prosecutorial witnesses. *See United States v. Ivy* at *7; *Poindexter* at 34-35. Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Therefore, although the Confrontation Clause "guarantees the opportunity for effective cross-examination," it does not

---

[5] Greymail refers to a tactic employed by a defendant who threatens to disclose classified information with the hopes that the prosecution will choose not to prosecute in order to keep the information protected. *See* S. Rep. No. 823, 96th Cong., 2d Sess. 4 (1980), *reprinted in* 1980 U.S. Code Cong. & Ad. News 4294, 4296-98.

[6] Under the Sixth Amendment, a criminal defendant "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Pursuant to the right to confront the witnesses against him, a criminal defendant has the "fundamental right" to cross examine witnesses for the prosecution. *See Pointer v. Texas*, 380 U.S. 400, 404-05 (1965).

guarantee cross-examination "that is effective in whatever way, and to whatever extent, the defense may wish." *Id.* (*quoting Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

CIPA does not require that the defense reveal its plan of cross-examination to the government. CIPA also does not require that the defendant reveal what questions his counsel will ask, in which order, and to which witnesses. Likewise, the defendant need not attribute the information to any particular witness. *See Poindexter*, 725 F. Supp. at 34. CIPA merely requires that the defendant identify the classified information he reasonably intends to use. Because the only cited tactical disadvantage that may accrue, minimization of surprise, is slight, *see North*, 708 F. Supp. at 401, Defendant has failed to demonstrate that the requirements under CIPA render his opportunity for cross-examination ineffective.

### C. Defendant's Right to Due Process

Defendant's due process argument is based on the contention that CIPA's disclosure requirements violate the Due Process Clause by imposing a one-sided burden on the defense, without imposing a mandatory reciprocal duty on the prosecution. *See* Mem. in Supp. of Def.'s Mot. at 17. However, due process is only denied where the balance of discovery is tipped against the defendant and in favor of the government. *See Wardius v. Oregon,* 412 U.S. 470 (1973). In *Wardius*, the Supreme Court struck down the Oregon notice of alibi statute because Oregon granted no discovery rights to criminal defendants and the statute at issue made no provision for reciprocal discovery. 412 U.S. 470, 475 (1973).

Here, the CIPA burdens are not one-sided. First, the government has already agreed to allow Defendant and his counsel access to all classified files at issue in the indictment. *See* Stipulated Protective Order at 6, filed Feb. 9, 2000 *(Doc. 42)*. Second, the government must produce all discoverable materials before the defense is required to file a § 5(a) notice. Third, before a § 6

hearing is conducted, the government must reveal details of its case so as to give the defense fair notice to prepare for the hearing. *See* 18 U.S.C. app. III § 6(b)(2). Specifically, the government must provide the defense with any portions of any material it may use to establish the "national defense" element of any charges against Lee. Fourth, under § 6(f), the government is required to provide notice of any evidence it will use to rebut classified information that the court permits the defense to use at trial. Finally, in addition to the discovery obligations under § 6 of CIPA, the government must also comply with the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963).

Despite the fact that the government's reciprocal duties under CIPA are not triggered until it decides to request a § 6 hearing, the overall balance of discovery is not tipped against Lee. *See Poindexter* at 34; *United States v. Ivy*, 1993 WL 316215 at *5. On the contrary, modern pretrial practice in complex criminal cases contemplates extensive pretrial disclosures by both parties. *See United States v. North,* 708 F. Supp. 399, 401. Therefore, because the burdens of discovery under CIPA and the Federal Rules of Criminal Procedure are carefully balanced, Defendant's due process claim is without merit. *Cf. Wardius*, 412 U.S. 470.

## III. CONCLUSION

In summary, Defendant Lee has failed to show that the carefully balanced framework for determining the use of classified information by the defense set forth in CIPA violates his Fifth Amendment privilege against self-incrimination, his Fifth Amendment right to remain silent or his Fifth and Sixth Amendment rights to testify on his own behalf. Defendant has also failed to demonstrate that CIPA violates his Fifth Amendment right to due process of law or his Sixth Amendment right to confront and cross-examine witnesses.

Wherefore,

IT IS ORDERED that the Motion of Dr. Wen Ho Lee for a Declaration that Sections 5 and 6 of the Classified Information Procedures Act (CIPA) are Unconstitutional as Applied, filed January 26, 2000 *(Doc. 38)*, is hereby **denied**.

DATED this 29th day of March, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for the Prosecution:

>ROBERT J. GORENCE
>Assistant U. S. Attorney
>PAULA G. BURNETT
>Supervisory Assistant U. S. Attorney
>LAURA FASHING
>Assistant U. S. Attorney
>U. S. Attorney's Office
>District of New Mexico
>Albuquerque, New Mexico
>
>MICHAEL C. LIEBMAN
>Trial Attorney, Internal Security Section
>U. S. Department of Justice
>Washington, D. C.

Counsel for the Defense:

>MARK HOLSCHER
>O'Melveny & Myers, L.L.P.
>Los Angeles, California
>
>JOHN D. CLINE
>NANCY HOLLANDER
>Freedman, Boyd, Daniels, Hollander,
>  Goldberg & Cline, P.A.
>Albuquerque, New Mexico