IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                             Cr. No. 99-1417 JP

WEN HO LEE,

    Defendant.

MEMORANDUM OPINION AND ORDER UNSEALING DOCUMENTS

On October 2, 2001, a hearing was held on the Chinese for Affirmative Action's (CAA) Motion to Intervene and Unseal, or, in the Alternative, Petition for Writ of Mandamus Compelling Unsealing of Court Records (Doc. No. 203), filed June 6, 2001; and Defendant's Motion to Continue Sealing of Two Documents (Doc. No. 209), filed July 18, 2001.  Attorney Nancy Hollander appeared on behalf of the Defendant, who was not present at the hearing.  The Government was represented by United States Assistant Attorneys Paula Burnett and Laura Fashing.  The CAA was represented by attorneys Zenobia Lai of the Asian Law Caucus, Robert Kim of the American Civil Liberties Union, Diane Chin of the CAA, Lisa Sitkin and Roger Myers of the San Francisco law firm of Steinhart and Falconer, and Hope Eckert, local counsel for the CAA.

Counsel for the Government and the Defendant did not object to the unsealing of the following redacted or unclassified documents[1]:

    Doc. No. 27 (Motion by USA to Strike Portion of Transcript),
    Doc. No. 28 (Order granting Motion by USA to Strike Portion of Transcript),

---

[1] Doc. No. 29 (Clerk's minutes) and Doc. No. 144 (Government's Supplemental CIPA §10 Identification) which were mentioned in CAA's motion to unseal are not sealed.

      Doc. No. 140 (Defendant's Reply in Support of Renewed Motion for Pretrial Release),
      Doc. No. 142 (USA's Motion for Substitutions Pursuant to CIPA §6(c)(1)),
      Doc. No. 148 (Defendant's Objections to Proposed Evidence Under Fed. R. Evid. 404(b)),
      Doc. No. 166 (Supplemental Motion for Substitutions Pursuant to CIPA §6(c)(1)),
      Doc. No. 173 (Proposed Substitutions Regarding Defendant's Second CIPA §5 Notice),
      Doc. No. 174 (Third Notice Under CIPA §5),
      Doc. No. 183 (Defendant's Motion to Enforce Plea Agreement),
      Doc. No. 185 (Defendant's Opposition to Proposed Substitutions Regarding Second §5 Notice),
      Doc. No. 197 (Government's Motion for Declaration that Plea and Disposition Agreement is Null and Void and Opposition to Motion for Specific Performance), and
      Transcripts of the July 12, 2000, August 15, 2000, and September 11, 2000 hearings.

Ms. Hollander objected to the unsealing of Doc. Nos. 47 (Order to Seal Order) and 48 (*Ex Parte* Sealed Order). After an *in camera* conference with Ms. Hollander, the Court determined that Doc. No. 47 should be unsealed but that Doc. No. 48 should remain sealed. Doc. No. 48 should remain sealed because it is not relevant to the issue of selective prosecution based on ethnicity and disclosure of Doc. No. 48 would violate the Defendant's Sixth Amendment right to effective assistance of counsel.

Ms. Burnett argued that although Doc. Nos. 135 (Defendant's Reply in Support of Motion for Discovery Materials Regarding Selective Prosecution) and 136 (Defendant's Addendum to his Reply in Support of Motion for Discovery Materials Regarding Selective Prosecution) were redacted for matters of concern to national security, those documents should be further redacted to protect the privacy interests of the named university students and Los Alamos National Laboratory employees. The Court agreed that those privacy interests should be protected. Therefore, Doc. Nos. 135 and 136 will be unsealed with the additional privacy redactions.

Counsel for the Government and the Defendant did not object to the unsealing of Doc. No. 157 (Order Authorizing Interception of Wire Communications) as redacted for security concerns.

Ms. Hollander, however, objected to disclosing the Defendant's unlisted telephone number which is mentioned in Doc. No. 157. The Court agreed with Ms. Hollander that the Defendant's telephone number should be redacted. A redacted version of Doc. No. 157 which redacts the Defendant's telephone number will be unsealed.

Ms. Burnett also objected to unsealing Doc. No. 167 (Ex Parte Declaration Pursuant to CIPA §4). After holding an *in camera* conference with Ms. Burnett, Ms. Fashing, and Ms. Hollander on whether to unseal Doc. No. 167, I concluded that Doc. No. 167 should remain sealed. Two reasons support this conclusion. First, after having reviewed Doc. No. 167, it is evident that it is not relevant to the issue of selective prosecution. Second, Doc. No. 167 does not meet the "experience and logic" test for application of the First Amendment right of access to court documents. *See Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 8-9 (1986)(*Press-Enterprise II*).

The experience prong of the "experience and logic" test "examines whether the 'place and process have historically been open to the press and general public.'" *United States v. Gonzales*, 150 F.3d 1246, 1256 (10th Cir. 1998), *cert. denied*, 525 U.S. 1129 (1999)(quoting *Press-Enterprise II*, 478 U.S. at 8). The Classified Information Procedures Act (CIPA) itself "is indicative of a tradition and common usage in a situation involving sensitive information." *United States v. Poindexter*, 732 F. Supp. 165, 167 n. 9 (D.D.C. 1990). *See also Gonzales*, 150 F.3d at 1257-58 (Tenth Circuit examined Criminal Justice Act to assist in determining whether there was a tradition or history of disclosing backup documentation for attorney vouchers). Here, the Government filed Doc. No. 167 under CIPA §4. CIPA §4 provides that during the course of discovery in a CIPA case the United States may request redactions of classified information or

substitutions of nonclassified information for classified information by submitting "a written statement to be inspected by the court alone."  CIPA, therefore, clearly permitted the filing of Doc. No. 167 as an *ex parte* confidential document.  In addition, the Stipulated Protective Order (Doc. No. 42), filed February 9, 2000, entered under CIPA §3 provides that documents constituting classified material will remain sealed.  Aside from the CIPA provisions, there is no tradition or history which allows for the disclosure of an *ex parte* document like Doc. No. 167 which is filed to assist in the CIPA discovery process.  Accordingly, Doc. No. 167 does not meet the experience prong of the "experience and logic" test.  By finding that the experience prong is not met, the Court need not address the logic prong.  *See Gonzales*, 150 F.3d at 1258.  However, for the sake of argument, the logic prong will be analyzed.

"[T]he logic test asks whether public access would play a significant positive role in the functioning of the particular process." *Gonzales*, 150 F.3d at 1258 (citing *Press-Enterprise II*, 478 U.S. at 8).  Providing information to the public in order to merely encourage openness and prevent governmental abuse of power is not enough to satisfy the logic prong. *Id*. at 1260.  This is especially true when Doc. No. 167 does not "relate to the core proceeding-the determination of the guilt or innocence of the defendant." *See id.* at 1261.  In fact,  "[d]iscovery proceedings are fundamentally different from other proceedings to which courts have recognized a First Amendment right of access."  *Id*. at 1260.  As a part of the CIPA discovery process, unsealing of Doc. No. 167 would not "play a significant positive role in the functioning" of the pretrial procedures of a CIPA case.  Doc. No.167 is, therefore, not subject to the First Amendment right of access.

IT IS ORDERED that

1. CAA's Motion to Intervene and Unseal, or, in the Alternative, Petition for Writ of Mandamus Compelling Unsealing of Court Records (Doc. No. 203), filed June 6, 2001; and Defendant's Motion to Continue Sealing of Two Documents (Doc. No. 209), filed July 18, 2001 are granted in part;

2. the following sealed documents are either unsealed in a redacted form as described above or are unsealed because of their now unclassified status:  Doc. Nos. 27, 28, 47, 135, 136, 140, 142, 148, 157, 166, 173, 174, 175, 183, 185, 197, and the transcripts of the July 12, 2000, August 15, 2000, and September 11, 2000 hearings; and

3. Doc. Nos. 48 and 167 are to remain sealed.

_____
CHIEF UNITED STATES DISTRICT JUDGE